**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**PHOTO ARTS IMAGING PROFESSIONALS,
LLC; KIM DUBOISE; and ROY CANIZARO**                                **PLAINTIFFS**

**v.**                                                               **CIVIL ACTION NO. 2:10-CV-284-KS-MTP**

**BEST BUY CO., INC.**                                               **DEFENDANT**

### ORDER TO PROVIDE SUPPLEMENTAL BRIEFING

On September 7, 2011, Defendant filed a Motion for Partial Summary Judgment [33], arguing, among other things, that Plaintiffs Kim DuBoise and Roy Canizaro lack standing to recover for injuries suffered by Defendant Photo Arts Imaging Professionals, LLC ("Photo Arts"). In response, Plaintiffs argued that they had asserted claims for their own injuries and damages, rather than those of Photo Arts.

"Under Mississippi law, a corporation is an entity separate and distinct from its stockholders." *Bruno v. Southeastern Servs., Inc.*, 385 So. 2d 620, 621 (Miss. 1980); *see also Burroughs v. McDaniel*, 886 So. 2d 748, 751 (Miss. Ct. App. 2004). Accordingly, this Court has previously noted:

> In Mississippi, an action to redress injuries to a corporation, whether arising in contract or in tort cannot be maintained by a stockholder in his own name, but must be brought by the corporation because the action belongs to the corporation and not the individual stockholders whose rights are merely derivative . . . even though the complaining stockholder owns all or substantially all of the stock of the corporation. . . . An exception to this rule arises where the stockholder seeks damages for the violation of a duty owed directly to him, but the exception comes into play only where the wrong itself amounts to a breach of the duty owed to the stockholder

> personally. The exception has no application merely because the acts complained of resulted in damage both to the corporation and to the stockholder.

*Jordan v. United States Fid. & Guar. Co.*, 843 F. Supp. 164, 175 (S.D. Miss. 1993) (punctuation and internal citations omitted); *see also Mathis v. Era Financial Sys.*, 25 So. 3d 298, 301 (Miss. 2009).

However, the Mississippi Supreme Court has held:

> In the case of a closely held corporation . . ., the . . . court in its discretion may treat an action raising derivative claims as a direct action, exempt it from those restrictions and defenses applicable only to derivative actions, and order an individual recovery, if it finds that to do so will not (i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons.

*Derouen v. Murray*, 604 So. 2d 1086, 1091 n. 2 (Miss. 1992). The Court echoed this sentiment in a more recent opinion, holding "that in derivative suits involving closely held corporations, the trial court may award damages on an individual basis, provided certain safeguards are met." *Investor Res. Servs. v. Cato*, 15 So. 3d 412, 424 (Miss. 2009) (citing *Derouen*, 604 So. 2d at 1091 n. 2). However, the Court has also declined to apply the doctrine, noting that it is "almost always employed in purely intracorporate disputes." *Mathis*, 25 So. 3d at 302.

In their briefing on Defendant's Motion for Partial Summary Judgment, the parties failed to address *Derouen v. Murray*, 604 So. 2d 1086 (Miss. 1992), or any of the subsequent Mississippi case law acknowledging that shareholders of a closely held corporation may, in some circumstances, raise derivative claims as a direct action. Accordingly, the Court orders the parties to provide the Court with supplemental briefs addressing the applicability, if any, of *Derouen* and its progeny to the present dispute.

Each party shall file a supplemental brief two weeks from the entry of this order – on or before the 31st day of October, 2011. Each party may also file a response to the other party's brief,

if so desired, within seven days of the filing of the initial briefs – on or before the 7th day of November, 2011.

SO ORDERED AND ADJUDGED this 17th day of October, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE