**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**PHOTO ARTS IMAGING PROFESSIONALS,
LLC; KIM DUBOISE; and ROY CANIZARO**                                      **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO. 2:10-CV-284-KS-MTP**

**BEST BUY CO., INC.**                                                           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court **grants in part and denies in part** Defendant's Motion for Partial Summary Judgment [33] and **grants** Defendant's Motion to Strike [36].

**I. BACKGROUND**

Plaintiff Photo Arts purchased computer products and services from Defendant Best Buy in October 2007. Plaintiffs claim that the computer products did not work properly, and that Defendant failed to maintain the computer products or otherwise provide proper service after the sale. Photo Arts claims that its business suffered as a result of Best Buy's actions and inactions. Accordingly, Plaintiffs brought the following claims: breach of contract, emotional distress, detrimental reliance/estoppel, gross negligence, and breach of the duty of good faith and fair dealing. Plaintiff seek actual damages of at least $600,000.00, and punitive and consequential damages of at least $3,400,000.00.

**II. MOTION FOR PARTIAL SUMMARY JUDGMENT [33]**

*A.     Standard of Review*

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627

F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

**B.     *Recovery by Shareholders for the Corporation's Claims***

First, Defendant argues that Plaintiffs Kim DuBoise and Roy Canizaro lack standing for individual claims against it. "Under Mississippi law, a corporation is an entity separate and distinct from its stockholders." *Bruno v. Southeastern Servs., Inc.*, 385 So. 2d 620, 621 (Miss. 1980); *see also Burroughs v. McDaniel*, 886 So. 2d 748, 751 (Miss. Ct. App. 2004). Accordingly, this Court has previously noted:

> In Mississippi, an action to redress injuries to a corporation, whether arising in

> contract or in tort cannot be maintained by a stockholder in his own name, but must be brought by the corporation because the action belongs to the corporation and not the individual stockholders whose rights are merely derivative . . . even though the complaining stockholder owns all or substantially all of the stock of the corporation . . . . An exception to this rule arises where the stockholder seeks damages for the violation of a duty owed directly to him, but the exception comes into play only where the wrong itself amounts to a breach of the duty owed to the stockholder personally. The exception has no application merely because the acts complained of resulted in damage both to the corporation and to the stockholder.

*Jordan v. United States Fid. & Guar. Co.*, 843 F. Supp. 164, 175 (S.D. Miss. 1993) (punctuation and internal citations omitted); *see also Mathis v. Era Financial Sys.*, 25 So. 3d 298, 301 (Miss. 2009).

According to Plaintiffs' Complaint, Photo Arts purchased the goods and services – not the individual Plaintiffs, DuBoise and Canizaro. Indeed, the individual Plaintiffs testified that the LLC purchased all of the equipment at issue. Therefore, this case appears to be a prototypical example of the sort addressed in *Jordan*, *Mathis*, and *Bruno*. It stems from a business transaction in which Defendant Photo Arts entered into a contract with Defendant to purchase goods and services. The individual Plaintiffs were not parties to the transaction. Therefore, according to the facts – both as alleged by Plaintiffs and as shown in the undisputed record evidence – there was no relationship whatsoever between the individual Plaintiffs and Defendant to create duties potentially giving rise to contractual or tort liability.

Nonetheless, the individual Plaintiffs argue that they asserted claims for their own injuries and damages, rather than those of the LLC. However, as stated above, actions to "redress injuries to a corporation, whether arising in contract or in tort, cannot be maintained by a stockholder in his own name, but must be brought by the corporation . . . ." *Jordan*, 843 F. Supp. at 175. This rule even applies where the alleged wrong "resulted in damage to both the corporation and to the stockholder." *Id.* Accordingly, the individual Plaintiffs' injury is not, by itself, sufficient to show that they have

3

a valid claim against Defendant. The pertinent question is whether Defendant owed a duty to the individual Plaintiffs in the first place, which brings the Court to Plaintiffs' second argument.

Plaintiffs contend that they presented their own negligence claim as to Defendant. Although the general rule is that a stockholder can not pursue damages for the violation of a duty owed to the corporation, an "exception to this rule arises where the stockholder seeks damages for the violation of a duty owed directly to him, but the exception comes into play only where the wrong itself amounts to a breach of the duty owed to the stockholder personally." *Id.* According to the Complaint, the tort claims stem from Defendant's "conduct, errors[,] and omissions" related to the LLC's purchase of computer services and equipment. Plaintiffs specifically alleged that Defendant "so deviated from the standard of service to be provided to its customers as to constitute not only negligence, but gross negligence . . . ." The individual Plaintiffs were not Defendant's customers, and they were not a party to the transaction from which this matter stems. To prove a negligence claim, a plaintiff must present evidence of "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) damages; and (4) a causal connection between the breach and the damages, such that the breach is the proximate cause of the damages." *Spotlite Skating Rink, Inc. v. Barnes*, 988 So. 2d 364, 368 (Miss. 2008). The individual Plaintiffs have not articulated or presented evidence of any duty owed to them by Defendant. Therefore, they do not have a negligence claim.

The Court ordered the parties to provide supplemental briefing on whether *Derouen v. Murray*, 604 So. 2d 1086 (Miss. 1992), and its progeny are applicable to the present case. In *Derouen*, the Mississippi Supreme Court held:

> In the case of a closely held corporation . . ., the . . . court in its discretion may treat an action raising derivative claims as a direct action, exempt it from those restrictions and defenses applicable only to derivative actions, and order an individual recovery,

> if it finds that to do so will not (i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons.

*Id.* at 1091 n. 2. The Court echoed this sentiment in a more recent opinion, holding "that in derivative suits involving closely held corporations, the trial court may award damages on an individual basis, provided certain safeguards are met." *Investor Res. Servs. v. Cato*, 15 So. 3d 412, 424 (Miss. 2009). Specifically, the Court may treat a derivative action as a direct action by individual stockholders if doing so will not "(i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons." *Derouen*, 604 So. 2d at 1091 n. 2.

The *Derouen* doctrine is "almost always employed in purely intracorporate disputes." *Mathis*, 25 So. 3d at 302. The three factors articulated by the Mississippi Supreme Court imply as much. For example, the interests of a corporation's creditors have little relevance to a tort and contract action brought by one corporation against another with which it has transacted business. This is not a true shareholder derivative action, in which a shareholder of the corporation brings a lawsuit on behalf of the corporation against corporate officers. Rather, this is a lawsuit filed by one corporation against another for the alleged failure to perform certain contractual and tort duties pursuant to a business transaction. As such, the Court believes it very unlikely that the Mississippi Supreme Court would apply *Derouen* to this case. *See Id.* Regardless, it is undisputed that one of the shareholders of Plaintiff Photo Arts Imaging Professionals, LLC – Tim DuBoise – is not a party to this action. Therefore, applying *Derouen* to the instant case may "unfairly expose" Defendant to a "multiplicity

of actions." *Derouen*, 604 So. 2d at 1091 n. 2. Accordingly, the Court declines to apply it.

For all the reasons stated above, the Court grants Defendant's Motion for Partial Summary Judgment [33] as to any and all claims asserted by the individual Plaintiffs, Kim DuBoise and Roy Canizaro.

## C.     *Economic Loss Doctrine*

Next, Defendant argues that all of Plaintiff's tort claims should be dismissed under the economic loss doctrine. Under this doctrine, "a plaintiff who suffers only economic loss as the result of a defective product may have no recovery in strict liability or negligence . . . ." *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 736 So. 2d 384, 387 (Miss. Ct. App. 1999). There are three basic reasons for disallowing recovery in tort when only economic damages have been alleged. *Id.* "First, tort law would subsume contract law[. S]econdly the manufacturer's exposure would be too greatly expanded, and thirdly the increased costs to the ultimate consumer would be too great." *Id.* The Fifth Circuit has explicitly declined to apply this doctrine "outside of the realm of products liability." *Lyndon Prop. Ins. Co. v. Duke Levy & Assocs. LLC*, 475 F.3d 268, 274 (5th Cir. 2007).

Although the Complaint is not as clear as it could be with regard to the theories of liability under which Plaintiff wishes to proceed, this is obviously not a straightforward products liability case. Plaintiff alleged that it relied upon Defendant's expertise to furnish and implement an appropriate computer system that would fulfill Plaintiff's business needs, and that the computer system furnished by Defendant was defective. However, Plaintiff also complains of Defendant's actions and inactions after the sale of the product; many of the factual allegations in the Complaint address Defendant's alleged failure to properly service and/or replace the computer products at issue. Therefore, Plaintiff's claims sound in both tort and contract, and the Court does not have sufficient

evidence to sort out which rubric is a closer fit. Regardless, the present case more closely resembles a "tort case involving a duty shaped by contract," than it does a products liability case. *Id.* (expressly declining to apply the economic loss doctrine outside the realm of products liability). Accordingly, the Court declines to apply the economic loss doctrine.

### III. MOTION TO STRIKE

Plaintiffs designated five physicians as expert witnesses in this matter. Plaintiffs expect Dr. Wayne A. Hughes, Dr. Jason Lindsey, and Dr. Terry Lowe to testify regarding stress and anxiety suffered by Plaintiff Kim DuBoise. Plaintiffs also expect Dr. Jeffrey Johnson and Dr. Lewis W. Neese to testify regarding stress and depression suffered by Plaintiff Roy Canizaro. The Court granted Defendant's Motion for Partial Summary Judgment as to any and all claims by the individual Plaintiffs. Therefore, the proposed testimony of the witnesses listed above is irrelevant to this matter. *See* FED. R. EVID. 401. Accordingly, the Court grants Defendant's Motion to Strike [36].

### IV. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Defendant's Motion for Partial Summary Judgment [33]. The motion is granted as to any and all claims asserted by the individual Plaintiffs, Kim DuBoise and Roy Canizaro, but the Court denies the motion with respect to application of the "economic loss doctrine." Finally, the Court **grants** Defendant's Motion to Strike [36] Plaintiff's Designation of expert witnesses.

SO ORDERED AND ADJUDGED this 22nd day of November, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE